CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
IJEOMA U. EKE (Bar No. 331938)
(E-Mail: Ijeoma_Eke@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-3107
Facsimile: (213) 894-7556

Attorneys for Defendant
ROGELIO SANCHEZ CARRANZA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ROGELIO SANCHEZ CARRANZA,<br>Defendant. | Case No. CR 10-1346-DMG-1<br>**ROGELIO SANCHEZ CARRANZA'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE; EXHIBITS**<br>**Hearing Date: May 24, 2023**<br>**Hearing Time: 2:30 p.m.** |

**TO: UNITED STATES ATTORNEY E. MARTIN ESTRADA AND ASSISTANT UNITED STATES ATTORNEY CAMERON SCHROEDER**:

**PLEASE TAKE NOTICE** that on May 24, 2023, at 2:30 p.m., or as soon thereafter as counsel maybe heard, Rogelio Sanchez Carranza, will move and hereby moves for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). This motion is based on the attached memorandum of points and authorities, declarations, and exhibits, the files and records in this case, and any other argument or

evidence that the Court may consider. The United States Attorney's Office ("USAO") takes no position on this motion.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 26, 2023

By *_/s/ Ijeoma U. Eke_*
IJEOMA U. EKE
Deputy Federal Public Defender
Attorneys for Rogelio Sanchez Carranza

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Rogelio Sanchez Carranza respectfully requests early termination of his supervised release. Supervision is no longer required because he has fully reintegrated into society. Indeed, his conduct and rehabilitation have been exemplary. Halfway through his ten-year term of supervised release and Mr. Carranza has not incurred any violations, maintained consistent employment, and has been a supportive and present father and husband. Mr. Carranza's performance on supervised release shows that he has graduated from supervision and early termination is "warranted by [his] conduct" and is in the "interest of justice." 18 U.S.C. § 3583(e)(1).

## II. BACKGROUND

On July 25, 2011, Mr. Carranza pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine. ECF No. 136. On December 5, 2011, he was sentenced to 130 months of custody to be followed by ten years of supervised release. ECF No. 175. On April 16, 2015, Mr. Carranza sentence was reduced to 121 months pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 244.

On October 11, 2018, Mr. Carranza was released from custody and his ten-year period of supervised release began. *Find an Inmate*, BOP, https://www.bop.gov/inmateloc/ (last visited April 24, 2023). Since the commencement of supervised release, no violations have been filed.

## III. ARGUMENT

"The court may, after considering the factors set forth in section 3553(a) . . . terminate a term of supervised release and discharge the defendant [] at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "A district court, however, need not tick off each of the § 3553(a) factors to show that it has considered them." *United States v. Suibin Zhang*, No. 05-CR-812-RMW-1, 2018 WL 11203669, at *3 (N.D. Cal. Jan. 26, 2018) (citation

omitted). Rather, "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court maintains discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

Additionally, "a change in circumstances or exceptionally good behavior is not a prerequisite but one factor that may be considered." *Zhang*, 2018 WL 11203669, at *3; *accord United States v. Shaw*, 445 F. Supp. 3d 1160, 1166 (D. Colo. 2020) ("[B]y no means does 18 U.S.C. § 3583(e)(1), or the statutory factors set forth therein, constrain a court's discretion to grant early termination to only those situations in which a person has exhibited 'exceptional behavior'").

Here, the Court has authority to grant early termination because Mr. Carranza has been on supervised release for more than one year. 18 U.S.C. § 3583(e)(1). As detailed below, early termination is warranted because (A) his conduct has been exemplary, (B) he has successfully reintegrated, and (C) forgiveness is in the interest of justice.

**A. Mr. Carranza's Conduct Warrants Early Termination**

Mr. Carranza's conduct during supervised release warrants early termination. Mr. Carranza's proved his rehabilitation during his five years of supervised release. Mr. Carranza has remained complaint with the conditions of release. He works anywhere between 8-17 hours a day, 6 days a week as a truck driver for Hi-Grade Materials in order to support his family. *See* Exh. A, Employment Letter. Mr. Carranza has four children that he financially supports: Matias (five years old)[1], Adrian (fifteen years old), Rogelio Jr. (sixteen years old), and Sarika (thirty-one years old) and recently, got married to Stephanie Sanchez.

//

//

//

[1] Matias is Mr. Carranza's stepson.





*See* Exh. B, Family Pictures. Unfortunately, Mr. Carranza's wife and her son Matias live in Mexico which makes it harder for Mr. Carranza to see them while he is on supervision. However, Mr. Carranza and Ms. Sanchez purchased a home together in Mexico and hope to spend their time in Mexico once Mr. Carranza's supervised release is terminated.

When Mr. Carranza is not working, he spends his time caring for his family which includes taking care of his ailing mother and taking her to her doctor appointments in Mexico, *see* Exh. C, Orthodontist Letter, and taking his son to Mexico for his orthodontist appointments when permitted by the Probation Department. *See* Exh. D, Orthodontist Letter.

At bottom, Mr. Carranza's record demonstrates that he has worked extremely hard to turn his life around and succeeded. Early termination is warranted by his conduct.

**B. Mr. Carranza Has Fully Reintegrated into Society**

Supervised release is no longer necessary because Mr. Carranza has fully reintegrated. *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012) ("the primary

purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them”). This is demonstrated by his compliance, his employment, and his ties to family.

*First*, as described, Mr. Carranza has not incurred a violation. Indeed, his “maintenance of an unblemished record of compliance with his conditions of release . . . is, perhaps, the best indicator of his ability to continue as a law-abiding member of his community.” *United States v. Harris*, 258 F. Supp. 3d 137, 146–47 (D.D.C. 2017); *see Shaw*, 445 F. Supp. 3d at 1166 (granting early termination to defendant with history of assault and armed robbery who “satisfied all conditions of supervised release and maintained compliance throughout the duration of supervision and [] never tested positive for illegal substances while on supervision”) (cleaned up).

*Second*, he has been gainfully employed at Hi-Grade Materials for four years and his performance is lauded. *See* Exh. A, Employment Letter; *see also Parker*, 219 F. Supp. 3d at 190 (granting early termination to defendant who “should be credited for taking affirmative steps to become a well-integrated member of the community” by “obtain[ing] a full-time job”).

*Third*, he is deeply committed to his family. *See Shaw*, 445 F. Supp. 3d at 1166 (finding that strong family relationships demonstrate a motivation to remain a law-abiding citizen beyond the term of supervised release); *see also* Exh. B, Family pictures. Mr. Carranza is married and financially and emotionally supports his four children. Though Mr. Carranza spends the majority of his time working, he spends any remaining time with his family. As Mr. Carranza’s daughter, Sarika, writes:

> I am proud to mention that my father has co-signed for a car and paid for my nursing school tuition for the last two quarters. He has also supported me emotionally and financially while I search for a job in my field. His support has been invaluable to me, and I cannot thank him enough for everything he has done for me.

Exh. E. Letters of Support at 1. Similarly, Mr. Carranza’s wife, Stephanie, writes:

> Since his release from prison, he has been a loving husband who has taken care of me. He has also been a wonderful model to our five-year-old son. I am saddened, however, given the fact that I have been unable to see him due to the restrictions the Court has placed on him because of his conditional release. Right now I reside in Mexico and I don't have legal residency in the United States. This has been a[n] enormous obstacle for us to be together as a family.

*Id*. at 4. In addition, Mr. Carranza provides assistance to his ailing mother when he can, including making sure she makes her doctor appointments. *See* Exh B, Doctor's Note. When permitted, Mr. Carranza also shares the responsibility for taking his son to his monthly orthodontist appointments in Mexico. *See* Exh. C, Orthodontist Letter; *see also* Exh. B, Letters of Support at 2.

Lastly, he has shown during five years of supervised release that he can conduct himself in a law-abiding, productive manner. In sum, Mr. Carranza has successfully reintegrated into society—supervision is no longer necessary. The USPO should utilize its limited resources to help those who still need help reintegrating. *Zhang*, 2018 WL 11203669, at *5 ("Policy considerations suggest that the public will benefit by redirecting officers to focus on other high-risk offenders.").

**C. Forgiveness Is in the Interest of Justice Because it Will Alleviate the Significant Burdens of Supervised Release**

"Forgiveness is a moral quality and a social good, and is important to a system of restorative justice." *United States v. Cunningham*, No. 05CR2137-LAB, 2014 WL 3002207, at *2 (S.D. Cal. July 1, 2014) (granting early termination). "At some point, once justice has been served, the system must take care to avoid erecting roadblocks that might prevent an offender from reintegrating into society and becoming a productive and useful citizen again." *Id*.

Now is the time to forgive Mr. Carranza. He made serious mistakes, but he has paid his debt to society for those mistakes which are now more than twelve years in the past. He accepted responsibility for his actions. Indeed, since accepting responsibility

during pretrial, his conduct has been exemplary. He has proven by his action that he has overcome his troubled past. In the words of Mr. Carranza:

> I believe that I have proven that I am a responsible member of society and have worked hard to rebuild my life. I am grateful for the opportunity to have completed my probation, and I hope that you will consider my request for termination. My family needs me, and I want to be able to continue to provide for them without the added burden of probation.

*See* Exh. F, Letter from Rogelio Carranza. Forgiveness will permit him to move forward with his career and his family without the "significant burdens" of supervised release. *Michaels*, No. CR.A. 93-215-01, 2001 WL 1486215, at *1. ("Although continuation on supervised release is not particularly onerous, it does impose significant burdens upon the defendant and is, in my view, completely unnecessary.").

## IV. CONCLUSION

Mr. Carranza has fully complied with the terms and conditions of supervised release. He has obtained productive employment. He is caring for his family." *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010) (granting early termination). For these reasons, Mr. Carranza respectfully requests that the Court grant his motion for early termination of supervised release.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 26, 2023

By *_/s/ Ijeoma U. Eke_*
IJEOMA U. EKE
Deputy Federal Public Defender
Attorneys for Rogelio Sanchez Carranza

# EXHIBIT A

THE ROBAR COMPANIES

HI-GRADE MATERIALS ACCON Inc. SMITH IRONWORKS

17671 Bear Valley Road, Hesperia, CA 92345

**Current Employment Letter**

March 16, 2023

To Whom It May Concern:

This letter is to be of use for Mr. Rogelio S. Carranza, in providing proof of current employment with Hi-Grade Materials. His date of hire was March 18, 2019. Mr. Carranza performs his duties as a Ready-Mix Driver for the low desert area. He is a ready-mix driver for our Indio Plant located at 38050 Monroe Street, Indio, CA 92203. Our main office is located at 17671 Bear Valley Road, Hesperia, CA 92345. He is a regular full time Employee working a minimum of 40 hours weekly.

For additional information please contact Rosa Rivera, Human Resources Manager at (760) 669-3235, during regular business hours. If email preferred contact RRivera@robar.com

Sincerely,

Rosa Rivera
Human Resources Manager
ROBAR ENTERPRISES, INC.

# EXHIBIT B


MARRY





6:12 LTE



Reply



# EXHIBIT C

San Andrés
HOSPITAL
Av. Madero N°714 Zona Centro C.P. 21100 Mexicali, B.C., México Tels 553-4910 y 553-0920

27 de Marzo de 2023

A QUIEN CORRESPONDA

Por medio de la presente me comunico con usted para comunicarle que la paciente María M Sánchez de 73 años de edad con diagnóstico de Artritis reumatoide necesita 2 terapias físicas al mes con un plazo indefinido, motivo por el cuál necesita de una persona que la trasporte a sus citas, ya que la paciente no puede ni debe manejar por sus propios méritos debido a su condición.

Sin más por el momento me despido.

ATENTAMENTE

Dra. Ana Karen Sainz Manjarrez
Cédula Profesional 12809183

TRANSLATION

[LOGO]

Hospital San Andrés Avenida Madero #714, Zona Centro, Mexicali, Baja California, 21100

[illegible] Phone: 553-4950 and 553-0920

March 27, 2023

TO WHOM IT MAY CONCERN:

We communicate by these means to inform you that patient Maria M. Sanchez, 73 years old, who suffers from rheumatoid arthritis, requires therapy twice a month for an ongoing unspecified period of time. The patient requires someone to drive her to and from appointments as she unable to, and should not drive given her condition.

That being all for the time being, I remain,

Respectfully,

/D/ Rubric

Dr. Ana Karen Sainz Manjarrez

Professional License #: 12809183

/trn:mdm

**DECLARATION OF INTERPRETER**

I, the undersigned say: I am a Spanish/English and English/Spanish Official Court Interpreter certified by the Administrative Office of the United States Courts and I translated the Spanish language document(s) below into English. I declare under penalty of perjury, that to the best of my abilities and belief, this is an accurate, true and correct translation of the Spanish language document(s).

DOCUMENT DESCRIPTION

1 page letter from Hospital San Andres

Executed this 17th day of April, 2023, at Los Angeles, California.

MARIA DOLOREZ MARTIN
Federally Certified Court Interpreter

[signature]

Signature of Interpreter

Case Name: US v Rogelio Sanchez-Carranza
Requested By: DFPD Ijeoma Eke
Number of Pages: 1

# EXHIBIT D

Clínica de Ortodoncia Díaz Duarte y Asociados SC

Mexicali, B.C. A lunes, 27 de marzo de 2023.

To Whom It May Concern:

By this way we would like to let you know that our patient **Adrian Carranza Navarete**, is attending to our clinic for orthodontics treatment and needs to be coming each month for the next year.

Please feel free to call our office if you have any questions or comments regarding this note.

Attentively

CARLOS DIAZ DUARTE

Dr. Carlos Diaz Duarte

CLINICA DE ORTODONCIA
DR. CARLOS DIAZ DUARTE
Av. Madero [illegible] Colonia Nueva
C.P. [illegible] Mexicali, B.C.
R.F.C. [illegible]

# EXHIBIT E

Dear Your Honor,

I am writing to you to express my gratitude for the support and guidance that my father, Rogelio Carranza, has provided me since his release from prison in 2018. As his daughter, I can confirm he has been a great father to me.

I am proud to mention that my father has co-signed for a car and paid for my nursing school tuition for the last two quarters. He has also supported me emotionally and financially while I search for a job in my field. His support has been invaluable to me, and I cannot thank him enough for everything he has done for me.

I would like to request your consideration for leniency and hope that your grant my father the termination of his probation. My father's continued support is crucial to me as I pursue my career in nursing, and I believe that he will continue to be a positive influence in my life and in the lives of others around him.

Thank you for your time and consideration.

Sincerely,

Sarika M. Sanchez

Dear Your Honorable Judge

I am writing to you to express my deep appreciation for the support and guidance that my father, Rogelio Carranza, has provided me since his release from prison in 2018. As his son, I can attest to the fact that he has been a great father to me throughout his journey of recovery.

I am also proud to mention that my father has been working at Higrade Materials for the last 5 years. His commitment to his job and his efforts to support me have been a great source of inspiration for me.

However, I am writing to request your consideration for the termination of his probation. With his probationary period coming to an end soon, I believe that he deserves the opportunity to live his life without the added burden of probation.

Furthermore, I would like to request your assistance in allowing my father to provide me with additional support. As a minor, I require my father's help in transportation to Mexico for my dental appointments. With his probationary period ending, I believe that he can help me more effectively in this regard.

I appreciate your time and consideration in this matter. I believe that my father has made significant progress in turning his life around, and I ask that you grant him leniency in his current legal situation.

Thank you,

Sincerely,

Adrian Carranza

Estimado Juez,

Le escribo para expresar mi gratitud por el apoyo que mi esposo, Rogelio Carranza, me ha brindado a mi y a mi hijo. Desde su liberación de la prisión, ha sido un esposo amoroso y cuidadoso para mi, y un gran modelo para nuestro hijo de 5 años.

Sin embargo, estoy entristecida por el hecho de que no he podido verlo con tanta frecuencia como me gustaría debido a las restricciones establecidas por los tribunales de libertad condicional. Actualmente resido en México y no tengo residencia legal en los Estados Unidos, lo que ha sido un gran obstáculo para que estemos juntos como familia.

A pesar de las dificultades que enfrentamos, mi esposo ha seguido comprometido a ser un miembro responsable y cuidadoso de la sociedad. Tiene empleo en HiGrade Materials y ha podido proveer para nosotros económicamente.

Le escribo para solicitar su consideración por la clemencia en su situación legal actual, ya que su apoyo continuo es crucial para mí y nuestro hijo. Dependemos de él para el apoyo emocional y financiero, y su ausencia ha sido difícil para nosotros.

Gracias por su tiempo y consideración.

Atentamente,

Stephanie Anah Sanchez

Dear Judge,

I write you this letter to express my gratitude for the support my husband, Rogelio Carranza, has given me and my son. Since his release from prison, he has been a loving husband who has taken care of me. He has also been a wonderful model to our five-year-old son.

I am saddened, however, given the fact that I have been unable to see him due to the restrictions the Court has placed on him because of his conditional release. Right now I reside in Mexico and I don't have legal residency in the United States. This has been a enormous obstacle for us to be together as a family.

Despite the challenges we face, my husband has continue to be committed himself to be a responsible and dedicated member of society. He has employment with *Hi Grade Materials*, and he has been able to provide for us financially.

I write to ask you for you to consider compassion in his current legal situation since his being able to continue supporting us is crucial for our son and for myself. We depend on him for emotional and economic support and his absence has been difficult for us.

Thank you for your time and your consideration.

Sincerely,

Stephanie Ana Sanchez

[Signature]

# CERTIFICATION OF THE INTERPRETER
## *Re: U.S.A v. Rogelio Sanchez Carranza*

I, Michael Kagan, state that I am competent to translate from Spanish into English, I am an Official Spanish Interpreter, certified by the Administrative Office of the United States. I do hereby declare that the attached 1-page document identified as "Letter from Stephanie Ana Sanchez" is a true and correct translation of the attached 1-page document provided to me. The translation is accurate to the best of my knowledge and ability.

**DESCRIPTION OF DOCUMENT(S) OR MATERIAL(S)**

Letter from Stephanie Ana Sanchez

Executed this 25 day of April, 2023 in Los Angeles County, California.

/s/ Michael Kagan

FPD CDCA

**Michael Kagan**
**Spanish Interpreter**
**Office of the Federal Public Defender**
**Central District of California**
321 E 2nd Street | Los Angeles, CA 90012 | fpdcdca.org
**O:** 213.894.2854| **M:** 505-933-0259

# EXHIBIT F

Dear Honorable Judge,

I am writing to request the termination of my probation. Since my release in 2018, I have made significant progress in my life. I obtained my CDL commercial license and have been employed at HiGrade Materials for the past five years. Additionally, I got married in Mexico and have been supporting my 70-year-old mother, wife, and children.

I have been fully compliant with the terms of my probation and have not had any legal issues or violations. However, the restrictions placed on me by my probation have been a significant burden on my family. I am not able to travel freely, and this has made it challenging for me to take my son to dental appointments in Mexico, and to see my wife more frequently.

I believe that I have proven that I am a responsible member of society and have worked hard to rebuild my life. I am grateful for the opportunity to have completed my probation, and I hope that you will consider my request for termination. My family needs me, and I want to be able to continue to provide for them without the added burden of probation.

Thank you for your consideration of my request.

Sincerely,

Rogelio Carranza